OPINION
Defendant-appellant, Richard A. Kemper, appeals his conviction for obstructing official business in violation of R.C. 2921.31. Under his single assignment of error, Kemper complains that the state presented insufficient evidence to support his conviction.
On the evening of June 28, 1996, Union Township Police Detective Michael McMillan stopped John McCoy in the foyer of the Rumors nightclub to question him about unruly conduct the detective had observed. Kemper, whose wife is the owner of Rumors, entered the foyer and placed himself between McMillan and McCoy. McMillan, holding McCoy with one hand, and keeping Kemper at bay with the other, backed away from Kemper to the corner of the foyer. For about five minutes, McMillan repeatedly told Kemper to "back off." At one point, Kemper replied, "you back off, asshole." A Rumors employee finally pulled Kemper from the foyer. McMillan subsequently finished questioning McCoy outside the nightclub and arrested him. Kemper denied any physical contact with the police, and testified that his sole purpose for remaining in the foyer was to "make it possible * * * for [McCoy] to have legal counsel."
Harold Torrens of the Ohio Department of Public Safety subsequently cited Kemper for obstructing an inspection of a liquor permit premises in violation of R.C. 4301.66. The parties later agreed to amend the complaint to allege a violation of R.C.2921.31. The trial court held a bench trial on February 3, 1997. The trial court issued its judgment on February 14, and found Kemper guilty as charged.
On appeal, Kemper claims that there is insufficient evidence to support his conviction. This court disagrees.
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making this inquiry, the appellate court views the evidence in a light most favorable to the prosecution. Id.
R.C. 2921.31(A) provides: "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties." Kemper specifically argues that there was insufficient evidence that he acted with a purpose to obstruct. Kemper also complains that there was insufficient evidence to demonstrate that Detective McMillan was actually hampered or impeded.
After reviewing the state's evidence, this court is convinced that there was sufficient evidence that Kemper acted with a purpose to obstruct, and that he did in fact obstruct Detective McMillan from performing his official duties. Kemper's single assignment of error is overruled.
KOEHLER and WALSH, JJ., concur.